## Borough of North Lebanon *versus* Arnold.

*Liability of residents of a borough for corporation debts, after having been made citizens of adjoining township by a legislative change of corporation limits.*

Residents of an incorporated borough are not individually responsible for any portion of the existing indebtedness of the corporation, after they are thrown out by a change of its limits under an act of the legislature and made citizens of an adjoining township.

APPEAL from the Common Pleas of *Lebanon county*. In Equity.
This was a proceeding in the court below, founded on the petition of William Eckenroth, chief burgess of the borough of North

[North Lebanon *v.* Arnold.]

Lebanon, against John Arnold and others, setting forth that the defendants were inhabitants of the borough of North Lebanon, a municipal corporation created in 1855, by the Court of Quarter Sessions of Lebanon county; that in the organization of the borough, opening roads, and for other lawful purposes, debts to the amount of $3500 and upwards were created; that, in 1859, the defendants obtained the passage of an Act of Assembly, re-annexing them to the township of North Lebanon, from which all the territory embraced within the borough limits was originally detached; that, at the time this Act of Assembly went into force, the debt of the borough remained unpaid, and that the Act of Assembly effecting the separation is silent upon the subject; that since the separation, the borough, or what remained of it, has paid the whole debt with interest, and now, by the chief burgess, bring this bill to compel contribution. The defendants demurred to complainant's bill, averring that the borough had not therein made or stated such a case as ought to entitle it to any such discovery or relief or decree, as is therein sought or prayed for from or against the defendants, &c.

The court below (PEARSON, P. J.), on hearing the case, delivered the following opinion :—

" The bill and demurrer thereto present the following question : Are persons who were residents and property-holders of an incorporated borough, individually responsible for any portion of the existing debts of the corporation, after they cease to be residents, but are thrown out by a change of the limits under the provisions of an Act of Assembly, and made citizens of an adjoining township ?

" The borough of North Lebanon was duly created and incorporated by the courts of Lebanon county, on the 2d day of January 1855, under the general laws of this commonwealth in relation to boroughs, and after receiving its charter of incorporation, contracted certain debts as set forth in the bill amounting to the sum of $3481.35, which remained due, and were unpaid until the 11th day of April 1859, on which day an Act of Assembly was passed, declaring that all the portion of territory within the limits of the borough, lying north of the Union Canal, shall be excluded from the borough of North Lebanon, and should from thenceforward be re-attached to North Lebanon township, of which it had previously formed a part.

" At an after time the borough discharged these obligations, and now claims that the defendants, as former members of the corporation, shall repay their due proportion of the debts contracted for the benefit of the whole population, in the same manner as if they had remained an integral part thereof. They are not pursued in a corporate, but in their individual capacity. Are they so responsible either at law or in equity ?

[North Lebanon *v.* Arnold.]

" We take it to be a clear and well-settled principle of the common law, that no member of a private corporation could be held individually liable for a corporate debt, unless made so by statute or the terms of the charter. Nay more, the corporation itself could not be sued at law after its dissolution, even for the purpose of seizing its corporate property, although such effects might be reached through the instrumentality of a court of equity. We are not aware that any such decree was ever made or attempted against the members, or those who had been such, in their individual capacity. We know that it has been declared by some highly respectable courts, that where a judgment is obtained against certain *quasi* public corporations, such as townships and counties, that execution may be levied on the private property of any citizen, and that is one reason given for refusing to sustain such an action in Rex *v.* The Men of Devon, 2 T. R. 667. The whole doctrine, as we conceive, has undergone a change since that day, and an action would now be sustained either in England or the United States against such public bodies, and the remedy for collection would be against the public property, or obliging by *mandamus* a tax to be laid for its payment. In Lyons *v.* Adams and others, 4 S. & R. 443, Ch. J. Tilghman says, that the county commissioners could not be sued individually for a county debt, but the county must be pursued in its collective capacity, and that there was no liability on the part of the citizens. The reason given for holding the citizens individually liable to execution against their property, was, that the public body to which they belonged was not a corporation. It is made part of the complaint in the bill that this borough was regularly incorporated and the debts contracted in its corporate capacity. It must be conceded that each citizen of the borough, whilst he remains such, is liable for his due proportion of these debts, according to the value of his property subject to taxation. But it is by taxation alone that the duty can be enforced, and that must be imposed on him as a corporator, not in his individual capacity after he has ceased to be such. Even the amount that can be levied by taxation is limited to one-half of one per cent. per annum, whilst the attempt here is to oblige the payment of a much larger sum on the part of each individual after he has ceased to be a corporator. It has been said in argument to transcend the power of the legislature to exonerate any of these defendants from their portion of the corporate debts, which are a lien on all of the property within the borough. It will scarcely be pretended, that if any inhabitant of the borough, who was subject to a heavy corporation tax on account of his personal effects, money at interest, and annual income, should remove with his property into another township or county, he could be sued for his part of the corporate responsibility. If he could thus

[North Lebanon v. Arnold.]

exonerate himself and his effects, why can it not be done by the legislature? By transferring these citizens to the adjoining township of North Lebanon, there can be no doubt but that they are subjected to their due proportion of any and all debts due by that township, although the same were contracted long before they became citizens thereof; and would equity say that they should be subject to a double responsibility, liable for the debts of the borough which they left, and for those of the township into which they were removed? It is said, however, that these persons procured the legislation by which they were transferred, and if they have a double burden imposed on them, it is of their own seeking. There is no legal presumption that such laws are passed by the procurement of the parties, but they are presumed to arise from sound legislative discretion. In point of fact they are often enacted without the knowledge of a large portion of the citizens, and although it is averred in this bill that the defendants procured the passage of the law, yet that is not traversable, and we are bound to presume that it was otherwise. Our whole system of jurisprudence in Pennsylvania contemplates that the debts contracted by counties, townships, school districts, and boroughs, shall be met and liquidated by a regular and prescribed system of taxation, to be imposed in the methods and proportions declared by law; not that the citizen shall be subject to an action therefor, either in a court of law or equity, and to sustain such an action would be subversive of the entire system. We have been referred to The Overseers of North Whitehall v. South Whitehall, 3 S. & R. 118, Plunkett Creek Township v. Crawford, 3 Casey 107, and cognate cases, to prove that after the division of a township, each portion could be obliged to pay its proper proportion of the existing township debts. This is all right, and in conformity with sound equitable principles; but in all such cases, the corporation is sued, and when judgment is recovered, the money must be collected from the citizens by taxation, and no faster, or in greater proportions, than is prescribed by law for other indebtedness.

"The course of collection proposed in this case, is, so far as we have been able to discover, without precedent, either in England, this, or any other state; which of itself tends strongly to prove that a bill for such a purpose cannot be sustained. If it could, occasion for such a proceeding would frequently have arisen. Had the Act of Assembly formed these citizens into a new borough, or made them a separate township, the corporation could have been sued, and the debt collected by taxation, but they are made an integral part of a much larger township, then in existence, which is not rendered responsible for any portion of the borough debts by accepting them as citizens. Doubtless the legislature, in severing and attaching them to another corpora-

[North Lebanon *v.* Arnold.]

tion, might have imposed the condition that these citizens should remain answerable for their due proportion of the corporate responsibilities, in which case this proceeding in equity would afford an adequate and perhaps the proper remedy; but it has not thought proper so to do. The severance is absolute and unconditional.

"Debts due to an old corporation remain good, notwithstanding a change of the corporate name, and can be recovered in the new name: Vin. Abr. vol. 6, p. 286; 3 T. R. 247. But if the corporation be dissolved, lands granted to it revert to the grantor or donor: 6 Vin. Abr. 280. If the corporation be dissolved, it can neither sue nor be sued. If the name only be changed, the property remains to the new corporation, and it can be sued for its former debts by its new name, or can sue therefor. But if the corporation be first dissolved, and afterwards a new one created, the property owned by and debts due to the old one are gone.

"We are of the opinion that there is no legal liability on the part of these defendants as private individuals, to pay any part of the debts due by North Lebanon borough at the time of their severance therefrom; that the claim is without foundation in law or equity, and, consequently, the demurrer is sustained and the bill dismissed at the costs of the plaintiff."

Which was the error assigned.

*Josiah Funck*, for appellant.

*John C. Kunkel* and *John W. Killinger*, for appellees.

PER CURIAM.—The decree of the court below, sustaining the demurrer and dismissing the bill of the complainants, is sufficiently vindicated by the opinion of the learned president of the court. We adopt his views, and for the reasons given by him affirm the decree.

Decree affirmed.